Stanley R. Apps, Esq. (SBN )
Law Offices of Robert S. Gitmeid, P.C.
11818 Moorpark Street, Unit R
Studio City, CA 91604
Tel (310) 709-3966 or (212) 226-5081
Fax (866) 249-1137
Email: stanley.a@gitmeidlaw.com
       stan@appsatlaw.com

*Attorneys for Plaintiff Richard Winfield*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| Richard Winfield,<br>   Plaintiff,<br>vs.<br><br>Lending USA, Inc.; and Jefferson Capital Systems, LLC,<br>   Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CALIFORNIA CIVIL CODE § 1788 et seq.), AND VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff by and through his attorney of record, and hereby files this complaint and alleges as follows:

### I. INTRODUCTION

1.1 This is an action against Defendant Lending USA, Inc., for breach of contract and breach of the implied covenant of good faith find fair dealing.

COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT & RELATED CLAIMS

1

1.2 Further, this is an action against Defendant Lending USA, Inc., and Defendant Jefferson Capital Systems, LLC, for violations of the Rosenthal Fair Debt Collection Practices Act (hereafter "Rosenthal Act"), CA CIVIL § 1788, et seq. The Rosenthal Act prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and requires debtors to act fairly in entering into and honoring such debts.

1.3 Lastly, this is an action against Defendant Jefferson Capital Systems, LLC, for violations of the Fair Debt Collection Practices Act (hereafter "FDCPA"), 15 U.S.C. § 1692, et seq. The FDCPA prohibits debt collectors from engaging in unfair and deceptive practices in the collection of consumer debts.

## II. JURISDICTION

2.1 Jurisdiction is proper in the Central District of California, Southern Division, because it has general subject matter jurisdiction and no statutory exemptions to jurisdiction exists.

2.2 This Court may exercise personal jurisdiction over Defendant Lending USA, Inc., because Defendant Lending USA, Inc., is incorporated within the State of California.

2.3 This Court may exercise personal jurisdiction over Defendant Jefferson Capital Systems, LLC, pursuant to CA CIV PRO § 4.10.10.

2.4 Venue is proper in this Court because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

## III. PARTIES

3.1 Plaintiff Richard Winfield (hereinafter "Plaintiff") is a resident of Pearland, Texas.

3.2    Defendant Lending USA, Inc. (hereinafter "Lending USA"), is a for-profit business entity incorporated and existing under the laws of California and has its principal place of business located at 3857 Birch Street, Suite 109, Newport Beach, California 92660.

3.3    Defendant Jefferson Capital Systems, LLC (hereinafter "Jefferson"), is a for-profit company formed under the laws of the State of Georgia, with its principal place of business located at 16 McLeland Road, St. Cloud, Minnesota 56303.

## IV. FACTS

4.1    Defendant Lending USA issued a loan account, ending in account number 8664, to Plaintiff relating to consumer purchases.

4.2    The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "consumer credit transaction" and a "consumer debt" for purposes of CA CIVIL § 1788.2(e) and CA CIVIL § 1788.2(f).

4.3    On or about February 24, 2020, Plaintiff entered into a settlement agreement with Defendant Lending USA to settle and close his Lending USA account ending in 8664. A copy of the recorded settlement agreement confirmation is available upon request.

4.4    Pursuant to the settlement agreement, Plaintiff agreed to make two (2) payments, totaling $4,156.20, on February 28, 2020, and March 27, 2020.

4.5    Pursuant to the settlement agreement, Plaintiff made the requisite payments, totaling $4,156.20, and Defendant Lending USA accepted each payment. A copy of the proof of payments is attached hereto as **Exhibit A**.

4.6    On or about May 29, 2020, Defendant Lending USA sent Plaintiff a collection letter stating that Defendant Lending USA sold Plaintiff's account ending in 8664 to Defendant

Jefferson on February 28, 2020, with an outstanding balance of $0.01. A copy of this Notice of Sale letter is attached hereto as **Exhibit B**.

4.7     Subsequently, on or about June 08, 2020, Defendant Lending USA sent another letter notifying Plaintiff that Defendant Lending USA sold Plaintiff's account ending in 8664 to Defendant Jefferson on May 29, 2020, with an outstanding balance of $16,624.81. A copy of this Notice of Sale letter is attached as **Exhibit C**.

4.8     On or about June 19, 2020, Defendant Jefferson sent Plaintiff a collection letter stating the current balance of Plaintiff's Lending USA account as $12,468.61. A copy of the collection letter is attached hereto as **Exhibit D**.

4.9     At all times pertinent hereto, the Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants.

4.10    At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

**COUNT I**
(Breach of Contract)

5.1     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

5.2     On or about February 24, 2020, Plaintiff entered into a settlement agreement with Defendant Lending USA to settle and close his Lending USA account ending in 8664.

5.3     Pursuant to the settlement agreement, Plaintiff made two (2) payments totaling $4,156.20 and Defendant Lending USA accepted each payment.

5.4     Despite accepting Plaintiff's payments pursuant to the settlement agreement, Defendant Lending USA did not close Plaintiff's account as settled. Instead, Defendant USA sold Plaintiff's Lending USA account to Defendant Jefferson on May 29, 2020, with an outstanding balance of $16,624.81.

5.5     Defendant Lending USA's actions constitute breach of contract where Defendant Lending USA accepted Plaintiff's two (2) payments made pursuant to the settlement agreement but did not close Plaintiff's Lending USA account ending in 8664 as settled.

5.6     Additionally, Defendant Lending USA's actions constitute breach of contract where Defendant Lending USA, on May 29, 2020, sold Plaintiff's account to Defendant Jefferson with an outstanding balance of $16,624.81.

5.7     As a result of Defendant Lending USA's actions, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

6.1     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

6.2     Defendant Lending USA owed Plaintiff an implied covenant of good faith and fair dealing with respect to the settlement agreement entered between Defendant Lending USA and Plaintiff.

6.3     By way of the foregoing conduct, Defendant Lending USA breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement entered between Defendant Lending USA and Plaintiff on February 24, 2020.

6.4     Defendant Lending USA has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform its obligations under the settlement agreement.

6.5     Specifically, Defendant Lending USA owed a duty to Plaintiff to take all steps to honor the original agreement and to not engage in conduct that might result in the settlement agreement not being honored.

6.6     As a result of Defendant Lending USA's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Violations of the Rosenthal Act)

7.1     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

7.2     It is the purpose of the Rosenthal Fair Debt Collection Practices Act (hereinafter "Rosenthal Act") to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts. CA CIVIL § 1788.1(1)-(2).

7.3     The term "debt collector" is defined as any person who, in the ordinary course of business, regularly, on the behalf of themselves or others, engages in debt collection. CA CIVIL § 1788.2(c).

7.4     Defendant Lending USA is a "debt collector" as defined by CA CIVIL § 1788.2(c).

7.5     Defendant Jefferson is a "debt collector" as defined by CA CIVIL § 1788.2(c).

7.6     The term "debtor" means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  CA CIVIL § 1788.2(h).

7.7     The Plaintiff is a "debtor" as defined by CA CIVIL § 1788.2(h).

7.8     The term "creditor" means a person who extends consumer credit to a debtor. CA CIVIL § 1788.2(i).

7.9     Defendant Lending USA is a "creditor" under CA CIVIL § 1788.2(i).

7.10    Defendant Lending USA's actions were unfair and deceptive where Defendant Lending USA did not close Plaintiff's Lending USA account as settled after accepting payments made pursuant to the settlement agreement.

7.11    Additionally, Defendant Lending USA misrepresented the amount of Plaintiff's debt where Defendant Lending USA sold Plaintiff's account ending in 8664 with the stated outstanding balance of $16,624.81.  Defendant Lending USA's actions were a misrepresentation of Plaintiff's debt because the actual balance of Plaintiff's Lending USA account ending in 8664 was $0.00 after Plaintiff made the requisite payments pursuant to the settlement agreement.  After payment, Defendant Lending USA should have marked Plaintiff's account ending in 8664 as settled and closed.

7.12    Defendant Jefferson's actions violated the Rosenthal Act where Defendant Jefferson attempted to collect on a settled debt by sending Plaintiff a collection letter on June 19, 2020.

7.13    Additionally, Defendant Jefferson misrepresented the amount of debt owed on Plaintiff's Lending USA account where Defendant Jefferson sent Plaintiff a collection letter on June 19, 2020, providing the amount of debt owed by Plaintiff totaled $12,468.61.

7.14    Defendant Lending USA and Defendant Jefferson knew or should have known that their actions violated the Rosenthal Act.  Additionally, Defendant Lending USA and Defendant Jefferson could have taken the steps necessary to bring their actions within compliance with the Rosenthal Act but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

7.15    As a result of the above violations, Defendant Lending USA and Defendant Jefferson are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## COUNT IV
(Violations of the FDCPA)

8.1    Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

8.2    The above-referenced communications between Defendant Jefferson and Plaintiff constitute "communications" relating to a "debt" as defined by 15 U.S.C §§ 1692a(2) and 1692a(5) of the FDCPA.

8.3    The FDCPA, as codified at 15 U.S.C. § 1692(f), prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. The FDCPA, as codified at 15 U.S.C. § 1692e(2)(a), prohibits the false representation of the character, amount or legal status of any debt. The FDCPA, as codified at 15 U.S.C. § 1692e(10), prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

8.4    Defendant Jefferson engaged in abusive, deceptive and unfair collection practices where Defendant Jefferson attempted to collect on a settled debt.

8.5     Additionally, Defendant Jefferson misrepresented the amount of debt owed by Plaintiff where Defendant Jefferson sent Plaintiff a collection letter on June 19, 2020, asserting that the amount of debt owed by Plaintiff totaled $12,468.61.

8.6     Further, Defendant Jefferson misrepresented the legal status of Plaintiff's debt where Defendant Jefferson attempted to collect on a settled debt.

8.7     Defendant Jefferson knew or should have known that its actions violated the FDCPA.  Additionally, Defendant Jefferson could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

8.8     As a result of the above violations of the FDCPA, Defendant Jefferson is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

(a) That judgment be entered against Defendant Lending USA for actual and monetary damages accrued by Plaintiff as a result of Defendant Lending USA's breach of contract;

(b) That judgment be entered against Defendant Lending USA for actual and monetary damages accrued by Plaintiff as a result of Defendant Lending USA's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Defendant Lending USA and Defendant Jefferson for actual damages pursuant to CA CIVIL § 1788.30(a);

(d) That judgment be entered against Defendant Lending USA and Defendant Jefferson for statutory damages pursuant to California Civil Code § 1788.30(b);

(e) That judgment be entered against Defendant Jefferson for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(f) That judgment be entered against Defendant Jefferson for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(g) That the Court award costs and reasonable attorney's fees and costs pursuant to CA CIVIL § 1788.30(c) and 15 U.S.C. § 1962k(a)(3); and

(h) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted on this 14th day of October, 2020,

Law Offices of Robert S. Gitmeid, P.C.

/s/Stanley Apps
_____
Stanley R. Apps, Esq.
*Attorney for Plaintiff Richard Winfield*